The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA

v.

Evelyn P. DOANE, Individually and as
Administratrix of the Estate of Isaac
Thomas Doane, Deceased, et al.

Civ. A. No. 71–1186.

United States District Court,
E. D. Pennsylvania.

March 13, 1972.

Peter C. Paul, Philadelphia, Pa., for plaintiff, Prudential Ins. Co.

Charles Polis, Philadelphia, Pa., for plaintiff-in-interpleader, Evelyn P. Doane.

Robert F. Kelly, Media, Pa., for defendants-in-interpleader, Nathaniel Doane and others.

## MEMORANDUM

DITTER, District Judge.

This interpleader matter comes before the court on a motion for summary judgment. It is a life insurance case involving two questions. First, under the Pennsylvania Slayer's Act, may a beneficiary who was convicted of involuntary manslaughter in connection with the death of an insured receive the proceeds of a policy on his life, and second, was the insured's death "accidental" requiring the payment of double indemnity?

On October 16, 1970, Evelyn Doane shot and killed her husband, Isaac T. Doane, during a fight. According to reports of the incident, he was threatening her with a knife and she fired the gun

to scare him away. After a trial by judge and jury, Mrs. Doane was acquitted of murder, but was convicted of involuntary manslaughter. There has been no appeal. Mrs. Doane is the beneficiary of two insurance policies issued by the Prudential Insurance Company of America on her husband's life and is the administratrix of his estate. She claims the proceeds of the insurance, but her late husband's brother and sisters have notified the carrier that they have an interest in these same policies. Prudential admits its liability for the life insurance benefits, but denies that double indemnity for an accidental death should be paid. Faced with the inconsistent claims of Mrs. Doane and the brother and sisters of the deceased, Prudential brought the present interpleader action, paid the death benefits into court, and posted bond for $7000, the amount that would be due under the double indemnity feature of the policies.

Alleging that there are no disputes of fact, Mrs. Doane has moved for summary judgment and an order directing Prudential to pay to her as named beneficiary all proceeds provided by the policies. The insured's brother and sisters contend that she may not receive these payments by reason of Pennsylvania legislation which prohibits a slayer's acquiring property as the result of a decedent's death. Section 11 of the "Slayer's Act," the Act of August 5, 1941, P.L. 816, 20 P.S. § 3451, provides that insurance proceeds shall not be paid to the beneficiary-slayer, but are to be paid to an alternate beneficiary or to the decedent's estate. Here, no alternate beneficiary was named by Isaac Doane but his brother and sisters claim as heirs of his estate.

In support of her motion, Mrs. Doane makes the following contentions:

1. Her late husband's brother and sisters have no standing to contest her claim and therefore should be dismissed from the present action.

2. Since she was found guilty of involuntary manslaughter, the Slayer's Act, which applies only to a wilful killing, is not controlling.

3. She is entitled to the double indemnity features of the policies because her late husband's death was not from natural causes and was therefore accidental.

I shall consider each of these contentions in turn.

■ Mrs. Doane maintains she should receive payment provided by the policies as their named beneficiary or as the administratrix of her husband's estate. She therefore argues that Mr. Doane's brother and sisters, who claim as potential heirs of the estate, have no standing in this case. I disagree. Although payment by Prudential could not be made directly to them, the brother and sisters have a possible financial stake and it is adverse to the financial interests of Mrs. Doane. Heffner Estate, 89 Montg.Co. Law Rep. 104 (Pa.1967), holds that a potential heir under the intestate laws has standing in a will contest by reason of the mere possibility that he may inherit. The same rational is applicable in the instant matter. The brother and sisters of the deceased have a possible inheritance and the only way it can be protected is to have them remain on the record. Obviously, Evelyn Doane, administratrix, will not object to payments to Evelyn Doane, beneficiary. Without the brother and sisters, there will be no one to raise the question as to whether or not Mrs. Doane was a slayer under the terms of the Act of 1941. While further proceedings in the state court which has charge of the administration of decedent's property may result in the appointment of a new personal representative, no such substitution has yet been made. Accordingly, the brother and sisters of the decedent must be retained as parties.

■ The heart of Mrs. Doane's argument is that she cannot be considered a slayer under the Act of 1941 and thus Section 11, which deals with insurance proceeds, does not apply to her. Section 1 of the Act, 20 P.S. § 3441, defines a slayer as "any person who participates,

either as a principal or as an accessory before the fact, in the *wilful* and unlawful killing of any other person." (Emphasis added.) Under Pennsylvania law, involuntary manslaughter is the *unintentional* killing of another without malice: Commonwealth v. Busler, 445 Pa. 359, 361, 284 A.2d 783 (1971). Hence, the Slayer's Act would not bar the receipt of insurance proceeds by one convicted of involuntary manslaughter. Counsel for Mrs. Doane cites Kravitz Estate, 418 Pa. 319, 211 A.2d 443 (1965), for the proposition that once a criminal court has determined the issue of guilt or innocence, no other court can relitigate the matter. Counsel therefore contends that · the verdict in Mrs. Doane's trial may not be challenged in the present case.

■ Actually, *Kravitz* holds that a conviction of second degree murder is a conclusive bar to any right to participate in the decedent's estate. The converse is not true, i.e., an acquittal does not foreclose challenge under the Slayer's Act. Conviction in a criminal case is the result of proof beyond a reasonable doubt. In the matter before me, persons who were not parties to the criminal trial of Mrs. Doane seek to establish by a preponderance of the evidence that she was a slayer within the terms of the Pennsylvania Act. Thus, the parties and the burden of proof are different in this case. I therefore conclude that neither res judicata nor collateral estoppel concepts are applicable.

■ Whether or not accidental death benefits should be paid is for a jury to determine. The general rule is that where death results from an insured's assault upon another who possesses a deadly weapon, the death is not accidental since it is the natural and probable consequence of the decedent's own act. Whether or not Mr. Doane's death was accidental will depend upon an evaluation of the surrounding circumstances. These are factors for a jury to weigh and consider, and therefore, summary judgment cannot be granted. An application for summary judgment must always be viewed in the light most favorable to the party which opposes such a motion: United States v. Diebold, Incorporated, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).