## Wellons v. Metropolitan Life Insurance Co.

*Neil H. Stein*, for plaintiff.
*Prather G. Randle*, for defendants.

TAKIFF, *J.*, July 31, 1979—Marshall Lee Wellons, II, was killed on March 17, 1970, by his then wife, Kathleen Wellons, instant plaintiff. In connection with her husband's death, Kathleen was charged with, and acquitted of, involuntary manslaughter.

The present dispute concerns plaintiff's attempts to secure the proceeds of a life insurance policy held by decedent. The insurance company refused to pay her claim to the proceeds, asserting that the children of decedent by a prior marriage, defendants Nancy Theresa Wellons and Marshall Lee Wellons, III, were claiming entitlement to the proceeds. The proceeds of the policy were deposited, with court approval, into a savings account pursuant to a statement of claim of interpleaded adverse claimants. The children base their claim to the proceeds on the ground that the Slayers Act of June 30, 1972, P.L. 508, 20 Pa.C.S.A. §8801 et seq. (formerly 20 P.S. §3441 et seq.), (the Act), bars plaintiff, as "slayer" of decedent, from receiving any proceeds from the life insurance policy. See 20 Pa.C.S.A. §8811 (formerly 20 P.S. §3451).

Presently before the court is plaintiff's motion for summary judgment, which asserts her acquittal on the charge of involuntary manslaughter conclusively establishes that she is not a "slayer" as defined by the Act. Defendants oppose the motion, and submit their own motion for partial summary judgment, asserting plaintiff, as the admitted killer, can only obtain the proceeds if *she* establishes that she is not a "slayer" as defined by the Act. We deny both motions.

The Slayers Act effects the policy of the Commonwealth that "no person shall be allowed to profit by his own wrong." 20 Pa.C.S.A. §8815 (formerly 20 P.S. §3455). "No slayer shall in any way acquire any property or receive any benefit as the result of the death of the decedent . . ." 20 Pa.C.S.A. §8802 (formerly 20 P.S. §3442). A "slayer" is one "who participates, either as a prin-

cipal or as an accessory before the fact, in the wilful and unlawful killing of any other person." 20 Pa.C.S.A. §8801(1) (formerly 20 P.S. §3441(1)).

First, we reject plaintiff's contentions that the acquittal of plaintiff on a charge of involuntary manslaughter conclusively establishes that she is not a "slayer." A finding of not guilty in a criminal proceeding does not determine the issues involved in a civil proceeding; the burden of proof is not the same, nor are the parties to the action. Accord, Prudential Insurance Company of America v. Doane, 339 F. Supp. 1240 (E.D. Pa. 1972); Glenn Estate, 121 Pitts. L.J. 10 (C.P. Allegheny 1972); Pinder's Estate, 61 D. & C. 193 (O.C. Delaware 1947); Johnson v. Travelers Insurance Co., 95 Pitts. L.J. 296 (C.P. Allegheny 1947). See Kravitz Estate, 418 Pa. 319, 211 A. 2d 443 (1965) (dissent by Cohen, *J.*). A record of an acquittal is admissible as evidence in a proceeding under the Slayers Act but only as one fact among all the factual circumstances: Cekovich's Estate, 59 D. & C. 2d 588, 33 Beaver 80 (C.P. 1972); St.Clair Estate, 32 Beaver 13 (C.P. 1972).

Second, it is clear that the party opposing the interest of an alleged "slayer" bears the burden of proving by the fair weight of the evidence that the killing was done wilfully and unlawfully: Pinder's Estate, supra. This is true even when the killer has been *convicted* of involuntary manslaughter: In re Estate of Klein, 474 Pa. 416, 378 A. 2d 1182 (1977) (particularly n. 22). See Prudential Insurance Company of America v. Doane, supra. Therefore, we decline the invitation extended by defendants to rule that because plaintiff has admitted a killing, she is presumed to be a "slayer" unless and until

*she* proves otherwise. Defendants must prove plaintiff has unlawfully and wilfully killed to foreclose her recovery of the proceeds. Of course, if plaintiff asserts an *affirmative* defense, such as self-defense, she then has the burden of proving it by a fair preponderance of the evidence: St.Clair Estate, supra.

Wherefore, we enter the following

### ORDER

And now, July 31, 1979, upon consideration of plaintiff's motion for summary judgment and defendants' motion for partial summary judgment, it is hereby ordered and decreed that said motions are denied.