## DeMatteo Estate

*Hammer & Pollins,* for estate.

*James W. Bruce,* for claimant.

OPINION BY McCORMICK, J., OCTOBER 22, 1980:

This matter comes before the court upon exceptions to order of court dated January 4, 1979, filed by exceptant Marie DeMatteo, wife of the decedent.

This matter originally came before the court on a citation issued against Marie DeMatteo, to show cause if any she has as to why she should not be characterized as a "slayer" within the meaning of "The Slayer's Act of the Commonwealth of Pennsylvania", and as such suffering a loss of right to survivors benefits and distribution in the above captioned estate.

On April 23, 1976, the decedent and Marie C. DeMatteo were husband and wife. At approximately 5:00 o'clock a.m., on that date, Marie DeMatteo did shoot and kill with a revolver her husband, the decedent Jerry DeMatteo.

Marie DeMatteo was charged with criminal homicide and on November 8, 1976, was found "Not Guilty" by reason of insanity, by the late Honorable Judge David H. Weiss. Mary Margaret Celani, executrix of the estate of Jerry DeMatteo filed the aforementioned petition requesting that Marie De-

Matteo be treated as a "Slayer" under the aforementioned act. Testimony was taken, briefs were filed and an opinion and order of court was filed on April 19, 1977. Subsequent thereto, request was made for additional testimony to be taken by this court, and after this was accomplished, the aforementioned order of court dated January 4, 1979 was rendered which adopted the original order of April 19, 1977.

Subsequent thereto, Marie C. DeMatteo, through her counsel, filed the following exceptions:

"1. Your Honorable Court erred in finding that respondent participated in the willful and unlawful killing of Jerry DeMatteo.

2. Your Honorable Court erred in relitigating the guilt of respondent in a Slayers Act proceeding when respondent had already been adjudged to be innocent of murder by reason of insanity in criminal proceedings and to be severely mentally disabled by clear and convincing evidence in a hearing conducted under the Mental Health Act of 1976.

3. Your Honorable Court erred in failing to rule that the Slayers Act is in violation of Section 19 of Article 1 of the Pennsylvania Constitution and is therefore null and void."

After review of the file, transcripts and briefs involved, this court has decided to address the exceptions filed in their numerical order.

First: "Your Honorable Court erred in finding that respondent participated in the willful and unlawful killing of Jerry DeMatteo."

After a careful review of the evidence, this court believes that the trial court did not err in its determination that the exceptant, Marie C. DeMatteo, participated in the willful killing of the decedent Jerry DeMatteo.

This court agrees with the trial court's opinion of April 19, 1977, wherein the court stated —

". . . the question for the court to decide is whether Marie DeMatteo pointed a loaded gun at her husband and pulled the trigger and knew that by pulling the trigger the gun would shoot dangerous or fatal projectiles into her husband."

This court believes that the killing in question was "willful and as such exception number one should be dismissed.

Second: "Your Honorable Court erred in relitigating the guilt of respondent in a Slayer's Act proceeding when respondent had already been adjudged to be innocent of murder by reason of insanity in criminal proceedings, and to be severely mentally disabled by clear and convincing evidence in a hearing conducted under the Mental Health Act of 1976."

One of the best reviews of Pennsylvania law on this particular question is found in *Prudential Insurance Company vs. Doane Est.*, 399 F. Supp. 1240. *Doane Estate* deals with a wife's claim to her husband's insurance policy where she had been convicted of involuntary manslaughter of her husband. In a similar argument to that raised by the petitioner in the instant case, the wife argued to the federal court that involuntary manslaughter under Pennsylvania law is the "unintentional killing of another without malice". She argued therefore that she could not be a "willful" slayer under the Slayer's Act.

As is mentioned in the original opinion in this case, the federal district judge reviewed the holding of *Kravitz Est.*, 418 Pa. 319, which stated that a conviction of second degree murder is a conclusive bar to inheritance rights. The court went on to say in *Doane Estate*, supra, at page 1242.

> "The converse is not true i.e. an acquittal does not foreclose challenges under the Slayer's Act. Conviction in a criminal case is the result of proof beyond a reasonable doubt. In the matter before me, persons who are not parties to the criminal trial seek to prove by a preponderance of the evidence that she was a slayer within the terms of the Pennsylvania Act. Thus the parties and the burden of proof are different in this case. I, therefore, conclude that neither res judicata nor collateral estoppel concepts are applicable."

This court believes that the rationale set forth by the trial court concerning the difference between the criminal and civil penalties in a Slayer's Act case is well thought out and correct.

This court therefore agrees with the trial court that the trial court was not precluded in making a de novo determination of Mrs. DeMatteo's actions in slaying her husband.

For the reasons herein set forth, the second exception is hereby dismissed.

> Third: "Your Honorable Court erred in failing to rule that the Slayer's Act is in violation of Section 19 of Article 1 of the Pennsylvania Constitution and is therefore null and void."

This court, through research, has failed to find even one case, state or federal, that has determined that the Slayer's Act is inconsistent with Article 1 of the Pennsylvania Constitution. The exceptant cites no authority for its position in claiming that the Slayer's Act is unconstitutional. To the con-

trary, the most recent statement by the Pennsylvania Supreme Court concluded with respect to the immediate predecessor of the Slayer's Act, 20 P.S. §1.6, 3441 et. seq., as follows:

"The Slayer's Act of 1941 enunciates not only sound law, but *wise public policy*. *Kravitz Estate*, 418 Pa. 319, 327, 211 A2d. 443.

It is the considered opinion of this court that the Slayer's Act is constitutional, and therefore, exception number three should be and is hereby dismissed.